UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY RICHARDS,

    Petitioner,

v.

    CASE NO. 2:08-CV-12046
    JUDGE PAUL D. BORMAN
    MAGISTRATE JUDGE PAUL KOMIVES

RAYMOND BOOKER

    Respondent.[1]
_____/

**REPORT AND RECOMMENDATION ON PETITIONER'S HABEAS APPLICATION (docket #1) and RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (docket #6)**

I. <u>RECOMMENDATION</u>: The Court should conclude that petitioner's application for the writ of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion for summary judgment (docket #6). If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

II. <u>REPORT</u>:

A. *Procedural Background*

Petitioner Jeffrey Richards is a state prisoner, currently confined at the Ryan Correctional Facility in Detroit, Michigan. Petitioner is serving a sentence of 14-30 years' imprisonment imposed as a result of his 2002 state court convictions for operating a vehicle under the influence of liquor (OUIL) causing death and two counts of OUIL causing serious injury. Petitioner's application and the state court record reveal the following time line of the state court proceedings:

---

[1] By Order entered this date, Raymond Booker has been substituted in place of Millicent Warren as the proper respondent in this action.

- Petitioner was convicted of OUIL causing death and two counts of OUIL causing serious injury following a jury trial in the Wayne County Circuit Court. Petitioner's OUIL causing death conviction was a lesser included offense of second degree murder, with which he was charged but acquitted. Petitioner was also acquitted on three counts of fleeing and eluding and an additional count of OUIL causing serious injury. On July 16, 2002, the Court imposed its sentence.

- Petitioner, through counsel, appealed as of right to the Michigan Court of Appeals, raising claims of ineffective assistance of trial counsel, improper scoring of the sentencing guidelines, and disproportionate sentence. The court of appeals affirmed petitioner's conviction on June 8, 2004. *See People v. Richards*, No. 245264, 2004 WL 1259724 (Mich. Ct. App. June 8, 2004).

- Petitioner filed an application for leave to appeal in the Michigan Supreme Court. On February 3, 2005, petitioner's application for leave to appeal was denied in a standard order. *See People v. Richards*, 472 Mich. 863, 691 N.W.2d 458 (2005).

- On January 16, 2006, petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.509, raising claims that it was improper to instruct the jury on OUIL causing death as a lesser offense of second degree murder and ineffective assistance of trial and appellate counsel.[2] The trial court denied the motion on April 14, 2006.

- Petitioner sought leave to appeal in the Michigan Court of Appeals. The court of appeals denied petitioner's application in a standard order on April 18, 2007. *See People v. Richards*, No. 272696 (Mich. Ct. App. Apr. 18, 2007).

- Petitioner thereafter sought leave to appeal in the Michigan Supreme Court. That court denied petitioner's application for leave to appeal in a standard order on September 24, 2007. *See People v. Richards*, 480 Mich. 889, 738 N.W.2d 728 (2007).

On April 29, 2008, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.[3] As grounds for the writ, petitioner raises each of the claims that he raised on

---

[2]The trial court docket sheet reflects this motion as having been filed on April 14, 2006, the same date that it was denied by the court. Petitioner claims in his application that the motion was filed on January 16, 2006. *See* Pet., at 5. Because it does not affect the analysis, I give petitioner the benefit of the doubt and assume that the motion was filed on January 16.

[3]Although petitioner's application is file-stamped May 9, 2008, it is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*,

direct appeal and in his motion for relief from judgment. Respondent filed a motion for summary judgment on November 14, 2008, arguing that petitioner's habeas application is untimely. Petitioner filed a response to the motion on December 16, 2008. For the reasons that follow, the Court should grant respondent's motion for summary judgment.

B.   *Analysis*

   1.   *Statutory Timeliness and Tolling*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Petitioner's application is dated April 29, 2008, and the certificate of service attached to his application indicates that petitioner mailed the application on April 29, 2008. Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on April 29, 2008.

3

28 U.S.C. § 2244(d).[4]

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. The claims asserted in petitioner's habeas application do not implicate subparagraphs (B) through (D), and petitioner does not contends that any of these provisions is applicable here. Thus the commencement date established by subparagraph (A) applies here. Under subparagraph (A) of § 2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
> In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed

---

[4] The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

4

or a petition for certiorari finally denied.").

Here, petitioner's direct appeal concluded with the Michigan Supreme Court's denial of his application for leave to appeal on February 3, 2005. Petitioner's conviction became final 90 days later when the time for seeking *certiorari* in the United States Supreme Court expired. Petitioner's conviction therefore became final on May 4, 2005, and the limitations period began to run on that date. Thus, the limitations period expired one year later, on May 4, 2006. Because petitioner did not file his habeas application until April 29, 2008, it is untimely unless the limitations period was tolled for any reason.

Under § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Petitioner's motion for relief from judgment was filed in the trial court on January 16, 2006. By this time, the limitations period had run for 257 days. It is well established that subsection (d)(2) is a tolling provision and therefore a post-conviction motion only pauses the limitations clock; it "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000); *see also*, *Brooks v. McKee*, 307 F. Supp. 2d 902, 905 (E.D. Mich. 2004) (Gadola, J.). Thus, when the limitations began after the Michigan Supreme Court denied his application for leave to appeal on the postconviction motion on September 24, 2007, petitioner had 108 days remaining.[5] From September 24, 2007, until

---

[5]Unlike commencement of the limitations period under § 2244(d)(1)(A), which depends upon when the conviction becomes "final," tolling under § 2244(d)(2) applies only during the time that a state postconviction proceeding is pending. Because a petition for *certiorari* in the United States Supreme Court is not "an application for *State* post conviction . . . review" under § 2244(d)(2) (emphasis added), *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), petitioner is not entitled to tolling under § 2244(d)(2) for the 90-day period in which he could have sought *certiorari* in the Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 331-36 (2007).

petitioner gave his application to prison officials for mailing on April 29, 2008, an additional 217 days elapsed. Thus, under the statute petitioner's habeas application was late by 109 days.

    2.    *Equitable Tolling*

Petitioner does not quarrel with the foregoing calculation, and concedes that his petition is untimely under § 2244(d). Rather, petitioner contends that he is entitled to equitable tolling of the limitations period. The Court should reject this argument.

To be entitled to equitable tolling of the limitations period, petitioner "must show '(1) that he had been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). "The petitioner bears the burden of establishing that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Here, petitioner has failed to point to any extraordinary circumstance which prevented timely filing. Indeed, in his reply petitioner points to no basis for equitable tolling, merely asserting that he is entitled to such tolling. To the extent he is relying on his *pro se* status or lack of knowledge of the law, these provide no basis for equitable tolling. The Courts have uniformly held that neither a prisoner's *pro se* status nor his lack of knowledge of the law constitute extraordinary circumstances justifying equitable tolling. Nor does his *pro se* status at the time of he filed his motion for relief from judgment provide a basis for equitable tolling. *See Lattimore v. DuBois*, 311 F.3d 46, 55 (1st Cir. 2002); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (Rosen, J.). Nor is petitioner entitled to equitable tolling merely because he raises important constitutional claims. The very existence of a statute of limitations presupposes that meritorious claims will not be

considered when they are not diligently pursued. *See Steele v. United States*, 599 F.2d 823, 828-29 (7th Cir. 1979). For this reason, "[t]he tolling exception is not an open-ended invitation to the courts to disregard limitation periods simply because they bar what may be an otherwise meritorious cause." *School Dist. of the City of Allentown v. Marshall*, 657 F.2d 16, 20 (3d Cir. 1981). Thus, neither the importance nor the merit of petitioner's constitutional claims provides a basis for equitably tolling the limitations period. *See Rouse v. Lee*, 339 F.3d 238, 251-52 (4th Cir. 2003) (en banc). Thus, petitioner is not entitled to equitable tolling of the limitations period.

C.      *Recommendation Regarding Certificate of Appealability*

      1.      *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason;

7

that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further.'"'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2. *Analysis*

Where, as here, a petition is dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold. In such a case, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485 (emphasis added). As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id*. at 486.

If the Court accepts the foregoing recommendation, petitioner cannot show that the Court's ruling on the procedural question is reasonably debatable. As noted above, the state court record and petitioner's habeas application make clear that petitioner's application is not timely under § 2244(d), and petitioner does not dispute that he failed to comply with the limitations provision. The resolution of petitioner's equitable tolling argument is not reasonably debatable in light of petitioner's failure to provide any basis for concluding that an extraordinary circumstance stood in the way of his timely filing his petition. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability.

D.    *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions. Accordingly, the Court should grant respondent's motion for summary judgment and dismiss the petition. If the Court accepts this recommendation, the Court should deny a certificate of appealability..

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED.

R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE

Dated: 5/14/10

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on May 14, 2010.
>
> s/Eddrey Butts  
> Case Manager