UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY RICHARDS,

    Petitioner,

Case No. 08-12046

Paul D. Borman
v.    United States District Judge

Paul Komives
United States Magistrate Judge

RAYMOND BOOKER,

    Respondent.
_____/

OPINION AND ORDER (1) DENYING PETITIONER'S OBJECTIONS TO THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DKT. NO. 17);
(2) ADOPTING THE MAGISTRATE JUDGE'S MAY 14, 2010 REPORT AND
RECOMMENDATION (DKT. NO. 13); AND (3) GRANTING RESPONDENT'S MOTION
FOR SUMMARY JUDGMENT (DKT. NO. 6), (4) DISMISSING THE PETITION AND
DENYING A CERTIFICATE OF APPEALABILITY

This matter is before the Court on Petitioner's Objections to the Magistrate Judge's Report and Recommendation. (Dkt. No. 17.) Respondent has not filed a response. The Court reviews *de novo* those portions of the Report and Recommendation to which a specific objection has been filed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Having considered the entire record and having reviewed *de novo* those portions of the Magistrate Judge's Report and Recommendation to which specific objections have been filed, the Court ADOPTS the Report and Recommendation (Dkt. No. 14), DENIES Petitioner's objections (Dkt. No. 17), GRANTS Respondent's motion for summary judgment (Dkt. No. 6), DISMISSES the petition and DENIES a certificate of appealability.

**I.    BACKGROUND**

The facts and procedural background of this matter are adequately set forth in the Magistrate Judge's May 14, 2010 Report and Recommendation. Petitioner does not raise a specific objection to the Magistrate Judge's discussion of the applicable dates which govern the timeliness of the filing of Petitioner's application for a writ of habeas corpus. Petitioner does appear to object to the Magistrate Judge's conclusion that Petitioner is not entitled to equitable tolling.

## II. ANALYSIS

### A. Legal Standard

Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

> Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id.* at 323; *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting BLACK'S LAW DICTIONARY 881 (6th ed. 1979)) (citations omitted). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In making this

evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir. 1984).

**B.      Objections**

Petitioner does not object to the time line of filing events as set forth by the Magistrate Judge in the Report and Recommendation, which establishes that his petition was filed 109 days late, but rather argues that he is entitled to equitable tolling of the limitations period.[1] To be entitled to equitable tolling of the limitations period, Petitioner "must show: '(1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). "The Petitioner bears the burden of establishing that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

Petitioner states that because of his incarceration, he "cannot just walk over to a law library any time he wants," he is not an attorney and is "bewildered" by the various requirements of the court for filing his petition. (Obj., Dkt. No. 17, 5.) These factors do not constitute adequate grounds to support the application of principles of equitable tolling to a petition admittedly filed several months late. Courts have routinely held that neither a prisoner's *pro se* status, nor his lack of

---

[1] Petitioner's conviction became final on May 4, 2005 (90 days after the Michigan Supreme Court denied his application for leave to appeal). The limitations period began to run on that day and expired one year later, on May 4, 2006, barring tolling of the statutory period. The statute was in fact tolled upon the filing of Petitioner's motion for relief from judgment in the trial court on January 16, 2006. At this point, 257 days had run on the limitations period. The statute was tolled until September 24, 2007, when the Michigan Supreme Court denied Petitioner's application for leave to appeal the ruling on his post-conviction motion. At this point, Petitioner had 108 days remaining in the statutory period of limitation. Petitioner filed his habeas petition on April 29, 2008, 217 days after the statute recommenced running and 109 days after the limitations period had expired. (Report and Recommendation, Dkt. No. 13, 5-6.)

knowledge of the law, constitute extraordinary circumstances that justify the application of principles of equitable tolling. *Lattimore v. DuBois*, 311 F.3d 46, 55 (1st Cir. 2002) ("Ignorance of the law alone, even for incarcerated pro se prisoners, does not excuse an untimely filing."); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) ("The law is replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse for failure to follow established legal requirements.").

Petitioner offers no other justification for his failure to timely file his petition in this Court and the principles of equitable tolling do not therefore apply to his untimely filed petition for a writ of habeas corpus. Accordingly, the Court concludes that the petition is barred by the applicable statute of limitations. The Court therefore adopts the Magistrate Judge's Report and Recommendation, grants Respondent's motion for summary judgment, dismisses the petition and denies a certificate of appealability. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Slack v. McDaniel*, 529 U.S. 473, 486 (2000).

### III.  CONCLUSION

The Court DENIES Petitioner's Objections (Dkt. No. 17), ADOPTS the Report and Recommendation on Petitioner's Habeas Application and Respondent's Motion for Summary Judgment (Dkt. No. 13), GRANTS Respondent's Motion for Summary Judgment (Dkt. No. 6) and DENIES Petitioner a certificate of appealability.

IT IS SO ORDERED.

S/Paul D. Borman
                               PAUL D. BORMAN
                               UNITED STATES DISTRICT JUDGE

Dated: November 30, 2010

                        CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 30, 2010.


                               S/Denise Goodine
                               Case Manager